Opinion delivered May 25, 1888.

## No. 6091.

### R. E. BUMPASS ET AL. *v.* HIRAM MORRISON.

1. ASSIGNMENT OF ERROR.—An assignment of error that "the court erred in overruling appellant's motion for a new trial on the grounds therein stated," when a reference to the motion shows that a new trial was applied for on many grounds, is so general that it will be disregarded on appeal.

2. TRIAL BY JURY—ASSESSMENT OF DAMAGES BY THE TRIAL JUDGE.— When judgment by default is rendered, the defendant is not entitled to have the damages claimed in the petition assessed by a jury, if he has failed in proper time and manner to demand a jury and to deposit the proper fee.

3. EVIDENCE—LIEN—VENDOR AND VENDEE.—When an express lien is reserved by a vendor in a deed conveying land given by him in part payment for other land conveyed to him, and such express lien is intended by its terms to secure the vendor against all loss and damage that may result from future claims asserted by others to the land received, parol evidence is admissible in a suit to enforce the lien on account of money expended in defending title, to show that it was understood between the parties when the deed was executed that a third party asserted an adverse title, and would sue to enforce it.

4. LIEN—SEQUESTRATION.—If the owner of property encumbered by a

lien so acts as to compel the lien holder, in his own protection, to sequestrate it, such owner is not entitled to a credit for the value of the rents of the property during the time it is held by the officer in obedience to the writ.

5. EXECUTION.—The fact that the court rendering a final judgment has not adjourned at the time of the issuance of execution on such judgment, is immaterial if twenty days have elapsed between the date of judgment and the date of the issuance of the writ.

ERROR from Dallas. Tried below before the Hon. George N. Aldridge.

The final judgment referred to in the latter part of the opinion was rendered December 24, 1885, a motion for a new trial having been overruled December 15, 1885. The execution issued in February, 1886, the property was advertised for sale on March 2, 1886, and the court adjourned March 6, 1886. Writ of error bond filed July 1, 1886.

*M. F. Conner,* for plaintiffs in error: Where a party is seeking to enforce an unliquidated demand, judgment by default and writ of inquiry awarded, defendant has a right to demand a jury to try said writ.

Where a party, seeking by deed from himself, properly acknowledged, signed and delivered to bind a second party, extrinsic testimony can not be introduced verbally to establish a lien upon real property. (Revised Statutes, art. 2464, page 363.)

The court erred in not allowing defendant rent for the house and lot in mitigation of damages from July, 1885, until December 24, 1885, the time plaintiff had said house and lot sequestered.

The court erred in permitting the plaintiff to issue execution upon the judgment on the day of February, 1886, when the term of said court did not expire until the sixth day of March, 1886. (Rev. Stats., art. 1387.)

*Watts & Word,* for defendants in error.

STAYTON, CHIEF JUSTICE. On July 1, 1884, appellants conveyed to the appellee certain property in the city of Dallas in consideration of a sum of money sufficient to discharge a lien on the property which was about to be foreclosed, and in further consideration of the sum of three hundred dollars, which was paid by the conveyance of another lot by appellee to appellants.

The price agreed upon for the lot last referred to was five hundred dollars, and to secure the payment of two hundred dollars of this, which was not paid in the exchange of property, the notes sued on in this case were executed.

The deed by which the appellee conveyed the lot to appellants reserved a lien to secure the unpaid purchase money, and it contained this further provision: "Said Morrison has herein retained a lien on the property above described to secure and protect him against all loss or damages that may accrue against any and all claims that may ever come against the property this day deeded by said R. E. Bumpass and wife to H. Morrison or for or on account of John Caldwell or from any other source."

It was shown by parol testimony that John Caldwell asserted a claim to the property conveyed by appellants to appellee, at the time the respective conveyances were made; that it was expected he would institute an action to recover it, and that the claim in the deed from appellee to appellants, above set out, was inserted under the agreement of the parties in order to secure appellee against expenses he might be compelled to incur in defending an action to be brought by Caldwell.

Caldwell brought an action to recover the property conveyed by appellants to appellee and in its defense the latter was compelled to pay attorney fees and other costs.

Appellee seeks to recover the sum due on the two notes executed by appellants to secure the balance of the purchase money for the lot conveyed by him to them; to recover the sum paid in defense of the action brought by Caldwell and to establish and foreclose a lien on the property conveyed by him to appellants to enforce the payment of all these claims.

There was a judgment by default against defendants, and an assessment of damages by the court, without a jury, when a judgment was rendered for appellee for the sum due on the purchase money notes, and for a part only of the reasonable and necessary expenses shown to have been incurred by appellee in defending the action brought by Caldwell. The judgment also declared, and directed to be enforced, a lien on the property conveyed by appellee to appellants to secure the entire sum thus adjudged to the appellee.

The first assignment of error is, that the court erred in overruling a motion for new trial, which set forth many grounds

on which a new trial was asked.    This assignment is too general to require consideration.

The second assignment urges that the court erred in refusing to impanel a jury to assess damages.    If appellants desired a jury for this purpose they should have demanded it and have deposited the proper fee.    This is not shown to have been done, and in such case the damages were properly assessed by the court.

There was no error in admitting the parol evidence introduced in reference to the anticipation by the parties of a suit by Caldwell for the property conveyed by appellants to appellee and as to the necessary expenses incurred by the appellee in the defense of that suit.    The deed executed by the appellee to appellants shows clearly the intention of the parties that the former should have the right to subject the property by him conveyed to sale in satisfaction of such sum as he might be compelled to expend in defense of his title to the property conveyed to him by appellants.    This right was evidenced by writing, which, though somewhat informal, left no doubt as to the agreement and intention of the parties.

The lot on which a lien was claimed was sequestrated, and seems not to have been replevied.    On the execution of the writ of inquiry the appellants proposed to prove the value of the rent of the lot from the time sequestrated until the trial, with a view to recover rent therefor, but the evidence was objected to and excluded.    The grounds of objection are not shown, but there were no pleadings setting up such a claim and for this reason the evidence would have been properly excluded.

If the owner of property, on which there is a lien so acts as to render it necessary for the lein holder, in order to protect himself, to sequestrate it we do not see that he would be entitled to rents.    Such an owner may retain the possession of the property by giving the security required by the statute, or he might recover damages in case of a wrongful sequestration; but to entitle such a possessor to compensation for injury resulting from error or wrongful sequestration there must be some pleading to authorize the introduction of evidence.

The judgment did not authorize process for its enforcement to issue sooner than permitted by law, and the fifth assignment presents nothing for revision.

There is no error in the judgment, and it will be affirmed.

Opinion delivered May 25, 1888.                    *Affirmed.*