MISSOURI, K. & T. RY. CO. v. GOODRICH.

(Court of Civil Appeals of Texas. Dallas. June 15, 1912. Rehearing Denied Oct. 12, 1912.)

1. CORPORATIONS (§ 668*)—PROCESS—SERVICE.

Jurisdiction over a foreign corporation doing business within the state, and having a local agent residing and representing it in the county where the suit was brought, was acquired by service of citation upon such agent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603, 2606–2627; Dec. Dig. § 668.*]

2. APPEAL AND ERROR (§ 1010*)—FINDINGS OF FACT—JURISDICTION.

Where the trial court's findings of fact in support of its jurisdiction over the person of a foreign corporation were supported by substantial evidence, they could not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982; Dec. Dig. § 1010.*]

3. DEPOSITIONS (§ 56*)—NOTICE—SERVICE ON FOREIGN CORPORATION.

Service of notice to take depositions on the local agent of a foreign corporation, upon whom a summons to the corporation could be legally served, was a valid service on the corporation.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 90–117; Dec. Dig. § 56.*]

4. WITNESSES (§ 396*)—REDIRECT EXAMINATION—EXPLAINING TESTIMONY.

Where, in an employé's action for injuries, the plaintiff was cross-examined as to a misrepresentation of his age at the time he secured employment, it was not error to permit him to explain on redirect examination, and to state the circumstances under which he made such misrepresentation.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1261–1264; Dec. Dig. § 396.*]

5. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—EVIDENCE.

Where, in an employé's action for injuries, plaintiff was properly asked to explain, on redirect examination, why he misrepresented his age at the time he secured employment, and answered, "For the reason that when my father died he left my mother on my hands," and at this point was interrupted by the court and told not to go into particulars, there was no reversible error in respect to the quoted words.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

6. APPEAL AND ERROR (§ 731*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error complaining that the "verdict of the jury is excessive in amount," being too general and not in compliance with the rules of briefing, could not be considered, especially where the motion for a new trial wholly failed to specify wherein the verdict was excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by L. E. Goodrich against the Missouri, Kansas & Texas Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

A. S. Coke and A. H. McKnight, both of Dallas, and Head, Smith, Hare & Head, of Sherman, for appellant. Wolfe, Maxey, Wood & Haven, of Sherman, for appellee.

TALBOT, J. This suit was instituted by the appellee, L. E. Goodrich, in the district court of Grayson county, Tex., against the appellant, Missouri, Kansas & Texas Railway Company, to recover damages for personal injuries sustained by him through the negligence of appellant. Plaintiff alleged that he was a citizen of the state of Kansas, and that appellant was a citizen of the state of Kansas and engaged in the business of common carrier of freight and passengers, and owning and operating various lines of railway extending through the state of Kansas, the state of Oklahoma, and into Grayson county, Tex., with a local agent, named W. N. King, in said Grayson county, Tex.; that on the 15th day of September, 1910, appellee was in the employ of appellant in the capacity of locomotive fireman, and that on said date he was seriously and permanently injured through the gross negligence of appellant; and that he had sustained damages in the amount of $40,000. As stated in appellant's brief, there was raised in limine the question whether the service had upon appellant was sufficient to require it to answer. The process was delivered to W. N. King, who was alleged in the petition to be defendant's local agent, residing and representing it in Grayson county. Mr. King, as amicus curiæ, filed an affidavit denying that he was an officer or agent of appellant. Testimony was heard in opposition to this affidavit, and the court, after considering the evidence, entered the following order: "This day it is ordered that the defendant in the above styled and numbered cause be and is hereby required to answer herein." Thereafter appellant filed its motion protesting against the said ruling of the court, and praying for a dismissal of the cause, unless other and valid service was had. It also filed a formal motion to quash the citation and service. Both of these motions were overruled. It thereupon filed its answer, consisting of general and special demurrers, a general denial, and a special plea of contributory negligence. The case was tried July 1, 1911, and resulted in a verdict and judgment in favor of the plaintiff for $20,000. The defendant's motion for a new trial having been overruled, it perfected an appeal to this court.

[1, 2] The first assignment of error is as follows: "The court erred in retaining jurisdiction of this cause, and in failing to sustain defendant's motion to dismiss the same, because the record in this cause shows that the defendant is a foreign corporation, is not doing business in the state of Texas, has no agent or representative residing in or representing it in Grayson county, Tex.,

and the service of citation in this case was not upon any officer or agent of this defendant, and this defendant should not have been required to answer herein, as shown by bill of exception No. 1." This assignment will be overruled. The evidence was sufficient to authorize and support the trial court's conclusions that the appellant was doing business in the state of Texas, and that W. N. King, upon whom service of citation was had, was its local agent residing in and representing it in Grayson county. Such being the status of the evidence on the issue of King's agency, the court did not err in retaining jurisdiction of the cause and in overruling appellant's motion to dismiss. Similar questions raised and contentions made by appellant under this assignment have been heretofore passed upon by this court, under very similar facts, in the cases of Railway Co. v. Kiser, 136 S. W. 852, and Railway Co. v. Arms, 136 S. W. 1164, in which writs of error were denied by the Supreme Court, and decided contrary to the views expressed by counsel for appellant in this case. Clearly this court would not be warranted in holding that there was no substantial evidence to support the findings of the trial court on the issues here in question; and, unless such holding was authorized, his conclusions must be sustained.

[3] Appellant's second assignment of error complains of the court's action in overruling its motion to quash certain depositions taken at the instance of plaintiff. The motion to quash was based on the ground that no notice of the taking of the depositions was served upon the appellant as required by law. The record shows that the precepts were delivered to W. N. King, E. A. Kellogg, E. J. Lambert, and W. A. Killond; but appellant says that neither of these parties was its officer or agent, upon whom such service might be had, and therefore not notice to it. We have already held that the evidence was sufficient to warrant the conclusion that appellant was doing business in this state, and that the said W. N. King was its local agent and representative in Grayson county. Service, therefore, of notice to take the depositions on King was legal and sufficient notice to appellant, and the motion to quash was properly overruled.

[4, 5] While the plaintiff was testifying, he stated, on cross-examination, in answers to questions propounded to him by counsel for the defendant, that he was born on the 14th day of April, 1885; that he had made a statement to the defendant in his application for employment that he was born in 1881; and that this statement was not true. On redirect examination, over the objection of the defendant's counsel that the same were irrelevant, immaterial, and prejudicial to the rights of defendant he stated in answers to questions asked by his own counsel, that his father was dead; that he and his

mother survived his father; that he (plaintiff) at the time of his father's death, was 16 years old; and that at the time he commenced work for the defendant he was 17 years of age. He was then asked to state why, in making his application for employment, he stated that he was born in 1881. To this question plaintiff answered, "For the reason that when my father died it left my mother on my hands." Here the witness was interrupted by the court and told that he could not go into particulars, and his counsel then said: "Just state why you gave your age as having been born in 1881?" To which the witness replied: "Because I had to do that in order to get a position with the railroad company." To the bill of exception reserved to the admission of this testimony, the court appends the following qualification: "This bill is allowed with the qualification that the answer that the witness started to make, as to his mother being left on his hands, was not finished, because witness was stopped at once by the court, and what the court said was intended as an exclusion of the partial evidence, and I think was so understood by the jury, as what the court said was in the presence and hearing of the jury and counsel." It is evident that the purpose in having the plaintiff to state that he had misrepresented his age to defendant when applying to it for work was to discredit him; and we think it was not error to permit him to explain and to state why, and the circumstances under which, he made such misrepresentation as to his age. Ordinarily the statement to the effect that the death of plaintiff's father left his mother on his hands would not be admissible testimony; but if it can be said that said statement was in fact admitted and considered by the jury in this case we are inclined to think it was legitimate testimony explanatory of the plaintiff's action in misrepresenting his age to defendant, which misrepresentation was developed on cross-examination by defendant's counsel. At all events, we hold it was not reversible error. But in view of the record and the court's qualification of the bill of exception, as above shown, can it be said that the objectionable statement was really admitted in evidence and considered by the jury? It is at least reasonable to conclude that it was not. The court's qualification of the bill shows that the answer that the witness started to make, as to his mother being left on his hands, was not finished, because the witness was promptly stopped by the court, and that what the court then said was intended as an exclusion of the partial answer given by the witness, and that the court thought it was so understood by the jury, as what the court said was in the presence and hearing of the jury and counsel. That counsel also understood that this part of the testimony was excluded is evidenced by the fact that it was omitted from the statement of

facts to which they agreed. We do not think the authorities cited by appellant should control the decision of the question. It does not appear that counsel for the 'plaintiff was seeking to get before the jury any improper testimony. On the contrary, the questions asked indicate that their only purpose was to have the witness; in a proper and legitimate way, explain his conduct in misrepresenting his age to the defendant.

[6] The fourth assignment of error is: "The verdict of the jury is excessive in amount." The consideration of this assignment is objected to by the appellee, on the grounds (1) that it does not conform to the rules, in that it is too general; (2) that the question of whether the verdict is excessive was not properly presented in motion for a new trial, in that the motion wholly fails to specify wherein the verdict is subject to such objection. It is apparent that the assignment is not in compliance with the rules prescribed for briefing cases, and cannot be considered. White v. Wadlington, 78 Tex. 159, 14 S. W. 296; City of Galveston v. Devlin, 84 Tex. 319, 19 S. W. 395; Railway Co. v. Matlock, 141 S. W. 1067; Railway Co. v. McVey, 81 S. W. 991; Railway Co. v. Scharbauer, 52 S. W. 589; Consolidated Co. v. Conring et al., 33 S. W. 547. The motion for a new trial wholly failed to specify wherein the verdict is subject to the objection that it is excessive. As said in Railway Co. v. McVey, supra, "the motion for new trial is as general as the assignment of error, and the assignment of error is as general as the ground stated in the motion. Both are merely to the effect that the verdict of the jury is excessive." It is clear that the assignment of error is too general to be considered.

The verdict is supported by the evidence, and, as the record discloses no reversible error, the judgment of the court below is affirmed.