MORRIS et al. v. GALVESTON ELECTRIC CO. (No. 7350.)

(Court of Civil Appeals of Texas. Galveston. March 17, 1917.)

1. APPEAL AND ERROR ⬅︎736 — ASSIGNMENT OF ERROR — FAILURE TO COMPLY WITH RULES.

Where an assignment of error complaining of order overruling motion for new trial contained five separate and distinct assignments set forth in the motion and five other such assignments not found therein, and was multifarious and too general and not in compliance with Rules 24, 25, 26, 29 (142 S. W. xii, xiii), prescribing requirements for assignments of error and briefs, it will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029.]

2. APPEAL AND ERROR ⬅︎1004(1)—REVIEW— VERDICT—AMOUNT OF RECOVERY.

Where there was sufficient evidence to support a verdict fixing the amount of damage for personal injuries, it will not be disturbed as inadequate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944, 3946.]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Suit by Mrs. Elsie M. Morris and husband against the Galveston Electric Company. Judgment for plaintiffs for part only of the demand, and they appeal. Affirmed.

O. S. York, of Galveston, for appellants. Terry Cavin & Mills, of Galveston, for appellee.

LANE, J. This was a suit brought by appellants, Elsie M. Morris and her husband, James Morris, to recover damages for personal injuries alleged to have been received by Mrs. Morris by reason of the alleged negligence of appellee's employés, who were operating a street car in the city of Galveston, upon which Mrs. Morris was a passenger. Appellants' claim was that, the street car having stopped at the place where Mrs. Morris desired to leave it, while she was in the act of leaving the car, by way of the platform, the car was, without warning, unexpectedly and suddenly put in forward motion, and she was thereby thrown from the car to the street, and that the conductor did not attempt to assist her to alight, and she thus received the injuries she complains of, and for which damages are sought in this suit. Appellee replied by general demurrer and general denial; that, if Mrs. Morris was injured, it was solely the result of an unavoidable accident without negligence on the part of appellee's employés; and set up that, if Mrs. Morris was injured, she contributed to her injuries by failure to use that degree of care and caution for her own safety which

an ordinarily prudent person would have used, in that, at the time of the accident, she was wearing a pair of shoes with extremely high heels, too high for her own safety, and that in attempting to leave the car one of the heels of her shoe was caught on the step or platform of the car, without fault or negligence of the appellee, and she was thereby caused to be thrown or fall from the car to the street, and that at the time she fell from the car it was standing perfectly still and was not moved in any way while she was attempting to alight therefrom. The cause was tried before a jury and resulted in a verdict and judgment in favor of appellants against appellee for $200.

[1] Appellants' first and only assignment of error in his brief is, in substance, as follows:

"The court erred in overruling plaintiffs' motion for a new trial, and for the convenience of the court appellants here set out said motion:

"Now comes the plaintiffs in the above numbered and entitled cause and moves this honorable court to set aside the verdict and judgment rendered herein on the 14th day of March, 1916, and grant them a new trial in this cause for the following good and sufficient reasons: First. The verdict of the jury is contrary to the law and evidence. Second. Because the amount recovered in this case is too small and inadequate. Third. If the jury believed from the law and evidence that the plaintiff was entitled to recover at all, then they should have given her in their verdict a substantial sum. Fourth. That the jury were lead to discredit the testimony of the plaintiff Elsie Morris because of the evidence of Dr. Flynn that she was suffering with venereal disease. Fifth. Because plaintiffs under the facts and the law of the case were, either entitled to a substantial verdict commensurate with the injuries received, or she was not entitled to anything. Wherefore plaintiffs pray this honorable court that they be granted a new trial in this case. O. S. York, Attorney for Plaintiffs.

"I. Because the verdict of the jury is contrary to the law, because under the charge of the court they could not have found for the plaintiff unless they found negligence on the part of defendant.

"II. Because, when they found a verdict in favor of the plaintiff, under the charge of the court, they found negligence on the part of defendant, and therefore should have rendered a substantial verdict in favor of defendant.

"III. Because, if the jury believe from the law and the evidence that the plaintiff was entitled to recover at all, then they should have given her in their verdict a substantial sum.

"IV. Because the jury were led to discredit the testimony of the plaintiff Mrs. Elsie Morris because of the evidence of Dr. Flynn that she was suffering with venereal disease.

"V. Because plaintiff Mrs. Elsie Morris, under the facts and the law of the case, was either entitled to a substantial verdict commensurate with injuries received, or she was not entitled to anything.

"Proposition. New trial may be granted as well when damages are manifestly too small as when they are too large. Article 2022, Revised Statutes."

The assignment is made up of a complaint of the action of the trial court in overruling appellants' motion for a new trial, containing five separate and distinct assignments, and of five other separate and distinct assignments not found in the motion for new trial. Such assignment is multifarious, and too general; it is not made in compliance with Rules 24, 25, 26 and 29 prescribed by the Supreme Court (142 S. W. pages xii and xiii); Bumpass v. Morrison, 70 Tex. 756, 8 S. W. 596; Ry. Co. v. Goodrich, 149 S. W. 1176; Ry. Co. v. Matlock, 141 S. W. 1067; Pritchard Rice Mill Co. v. Jones, 140 S. W. 817; I. & G. N. Ry. Co. v. Miller, 124 S. W. 109; Cannon v. Cannon, 66 Tex. 685, 3 S. W. 36. In view of the fact that said assignment is multifarious, too general, and indefinite, we refuse to consider the same.

[2] However, by referring to appellants' brief we find that the only contention made by appellants for a reversal of the judgment of the trial court is that the verdict of the jury finding for appellant the sum of $200 was not adequate compensation for the injuries suffered by appellant, shown by the evidence. We have carefully examined the evidence, and we conclude that the jury had ample evidence before them to support their finding. We are not at liberty to substitute our finding on the facts for that of the trial jury when there is sufficient evidence to support their verdict.

The judgment of the trial court is affirmed.

Affirmed.