**MISSOURI, K. & T. RY. CO. OF TEXAS v. PATTERSON. (No. 194–3248.)**

(Commission of Appeals of Texas, Section A. March 2, 1921.)

1. **Appeal and error** ⊂⊃732—**Assignments held sufficient to direct court's attention to testimony indicating verdict was not supported.**

Assignments of error to overruling motion for new trial on the ground of the verdict being against the great weight of testimony as to certain matters *held* sufficient to direct the court's attention to the phase of the testimony which received its attention when the defensive charges were given, and so to direct the court's attention to the error complained of, which is all that Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, requires.

2. **Appeal and error** ⊂⊃732—**Assignment held insufficient in not directing attention to evidence indicating prejudice of jurors.**

Assignment of error to overruling motion for new trial because the verdict developed that it was arrived at on sympathy or prejudice is

insufficient; it not attempting to direct attention to any evidence indicating that the jury were influenced by prejudice or sympathy.

**3. Appeal and error ⬥══732—Assignment of error to excessiveness of verdict held too general.**

Assignment of error, complaining of denial of new trial for excessiveness of verdict, but not specifying in what particulars under the facts it is excessive, is too general.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by W. R. Patterson against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (204 S. W. 1026), and defendant brings error. Reversed and remanded to Court of Civil Appeals.

C. C. Huff, of Dallas, and Lane, Wolters & Storey and T. B. Blanchard, all of Houston, for plaintiff in error.

Meek & Kahn, of Houston, and Hannay & Hannay, of Hempstead, for defendant in error.

SPENCER, J. Defendant in error sued plaintiff in error to recover damages alleged to have been sustained by reason of plaintiff in error constructing a bridge across the Brazos river, and the embankment adjacent thereto and connected therewith, in such a manner as to obstruct the natural water flow of the stream, causing the flood waters to be impounded and consequently back up upon the lands described in the petition, injuring the same and the growing crops thereon.

Plaintiff in error answered to the effect that the bridge and the embankment adjacent to and connected therewith were constructed in a scientific manner, under the direction of experienced and skilled engineers and with due regard to the natural watershed of the river; that the proximate cause of the overflow and the consequent damage to the lands and crops, if any, was the unprecedented rainfall, which burdened the river channel beyond its capacity, and that the same disaster would have resulted had there been no bridge or embankment.

The trial, which was with the aid of a jury, resulted in a judgment in favor of defendant in error for $27,582.50. In a motion for new trial the verdict of the jury was attacked as being grossly excessive and unwarranted by the evidence.

Upon appeal, the Court of Civil Appeals declined to consider the first three and the eighth assignments of error, upon the ground that they were insufficient to direct the trial court's attention to any evidence indicating that the verdict was not supported by the evidence, or was reached as a result of sympathy on the one hand and prejudice on the other. 204 S. W. 1026.

It was to review the action of the honorable Court of Civil Appeals in refusing to consider these assignments that the writ was granted.

The three assignments of error questioning the sufficiency of the evidence, read:

"First. The court erred in overruling defendant's motion for a new trial, because the verdict of the jury is against the great preponderance of the evidence, and is not supported by the great weight of the evidence, in this: The great preponderance of the testimony, if not all of the testimony, conclusively shows that plaintiff's crops would have been destroyed by the flood waters of the Brazos river, even if there had been no railroad embankment and bridge constructed across the Brazos river and the Brazos bottom at the point in question.

"Second. The court erred in overruling defendant's motion for a new trial, because the verdict of the jury is against the great preponderance of the testimony, in this: That the great weight of the testimony develops conclusively that the erection of said bridge and construction of said culverts and embankment were not the proximate cause of the damage to plaintiff's land.

"Third. The court erred in overruling defendant's motion for a new trial, because the verdict of the jury is contrary to the great preponderance of the evidence, and is not supported by the weight of the testimony, in this: That the great preponderance of the testimony develops that plaintiff's crops were destroyed and his land damaged by water coming directly from the Brazos river, and not by any backwater impounded by said embankment or railroad bridge."

The court in its charge to the jury presented defendant in error's contention in the affirmative, and the converse of this contention, which represented plaintiff in error's view. In one paragraph presenting the defensive theory, the court instructed the jury that if they believed the overflow and damage to the crops and land was not occasioned by the construction of the bridge or embankment, and that the crops would have been destroyed and the lands injured had the bridge not been there, to find for the defendant. In another portion of the charge presenting the defendant's theory, the jury was charged that if they believed the damage, if any, was caused from the waters flowing over the plaintiff's land from the north of it and from the Brazos river, and were waters not forced across the river from the west side, to find for the defendant.

[1] Tested by article 1612, V. S. C. S. 1914, as amended (Acts 1913, p. 276, § 1), are the assignments in question sufficiently specific to direct the court's attention to the alleged errors complained of?

The article reads:

"The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying

the grounds on which he relies, before he takes the transcript of record from the clerk's office; provided, that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error, and provided further, that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of."

The amended article changed the law by constituting the assignments contained in the motion for new trial the assignments of error, leaving it optional with the appealing party to repeat them by the filing of assignments of error; and by adding "but an assignment shall be sufficient which directs the attention of the court to the error complained of." The purpose of the act as declared by the emergency clause is to prevent the costly practice of repetition, and to relieve the appellate courts of the labor incident to the duplication under the old law.

In these assignments of error before us, the court's attention is directed to that phase of the testimony which received the court's attention at the time the defensive charges were framed and given to the jury and to the issues raised by the pleadings. The assignments were, we think, sufficient to direct the court's attention to the same evidence that it had in mind in giving the defensive theory. To have made the assignments more specific would require the incorporation into the assignments of a mass of evidence which would be subversive of the spirit and purpose of the article above quoted. It has never been considered a correct practice for the assignment of error to contain a statement of facts. Wilson et al. v. Alexander (Sup.) 18 S. W. 1057.

These assignments are unlike the assignment, "The verdict of the jury is contrary to the evidence," that has been so often and without exception condemned because too general. In the latter there is nothing to inform the court what evidence is relied upon to show the inconsistency between the verdict and the evidence; while in the assignments before us the court is directed to such evidence as presents the defensive phase, which, according to the plaintiff in error's view, is sufficient to overturn the finding of the jury.

[2] The eighth assignment reads:

"The court erred in overruling the defendant's motion for a new trial, because the verdict of the jury conclusively developed that the jury, in arriving at their verdict, did not base said verdict upon the preponderance of the testimony or the weight of the evidence, but arrived at same wholly upon their sympathy for the plaintiff and their passion and prejudice against the defendant."

This assignment does not attempt to direct the court's attention to any evidence that would indicate that the jury was influenced in the rendition of its verdict by prejudice against plaintiff in error, or sympathy extended the defendant in error. To overcome the presumption of fairness that obtains— that the jury is controlled solely by the law and evidence in arriving at their verdict —there must be something more pointed and specific than the mere fact that a verdict has been returned against the complaining party.

[3] The Court of Civil Appeals was not in error, we think, in refusing to consider the assignment of error complaining of the excessiveness of the verdict.' The assignment is entirely too general, in that it does not specify in what particulars under the facts it is excessive. In order to demand consideration by the trial court, it should have directed that court's attention to such facts as plaintiff in error contended showed it excessive. City of Galveston v. Delvin, 84 Tex. 319, 19 S. W. 395.

We think the Court of Civil Appeals properly overruled the plaintiff's sixth assignment of error, challenging the correctness of paragraph 8 of the court's charge.

We recommend, therefore, that the cause be reversed and remanded to the Court of Civil Appeals, that it may consider the assignments of error, which involve questions of fact over which its jurisdiction is final.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed in its opinion.