## DUNN v. GASSO. (No. 9856.)

(Court of Civil Appeals of Texas. Fort Worth. April 1, 1922.)

**1. Judgment ⬄163—Default not set aside where record indicated proper citation.**

Judgment against defendant, who failed to appear or answer in a suit in which plaintiff filed a petition, and afterward a trial amendment alleging amount of damage, will not be set aside where it recites that defendant was "duly cited," and this is not contradicted by the record, especially where the motion for new trial asserting failure to cite defendant as to the trial amendment is unverified and unsupported by evidence.

**2. Jury ⬄25(2)—Default judgment debtor not entitled under statute to writ of inquiry, not having demanded jury.**

Defendant, against whom a default was rendered under Vernon's Sayles' Ann. Civ. St. 1914, art. 1936, for failure to appear and answer in an accounting suit, not having demanded a jury, under article 1939, to assess damages, was not entitled to a writ of inquiry therefor, under article 1940, though he could have demanded one.

**3. Limitation of actions ⬄182(2)—Firm accounting suit not barred by failure of petition to show when partnership formed where limitations not pleaded.**

An accounting suit between partners is not barred by failure of the petition to show when the partnership was formed, where the petition did not indicate lapse of the limitation period, and was not excepted to, and no plea of limitation was made, in view of Rev. St. art. 5706.

Appeal from Young County Court; W. H. Reeves, Judge.

Suit by Louis Gasso against Charles M. Dunn. From a default judgment for plaintiff, defendant appeals. Affirmed.

Binkley & Moore, of Graham, for appellant.
Hinson & Ricker, of Graham, for appellee.

CONNER, C. J. Louis Gasso filed this suit in the county court of Young county on the 21st day of February, 1921, alleging that he and Chas. M. Dunn entered into a copartnership agreement to conduct a restaurant or café in the town of Graham by the terms of which Gasso and his wife were to do the cooking, dishwashing, etc., and the defendant Dunn was to conduct the business and receive the proceeds; that the business had been conducted some time as agreed upon, but that defendant, although having received sums of money as had been provided, failed to account therefor; that the plaintiff, Gasso, was entitled to an equal division of the profits of the business, and he prayed for an accounting. On the 5th day of April thereafter the plaintiff Gasso filed a trial amendment in which he fixed the amount of his damages in the sum of $250.

The defendant Dunn failed to appear or answer, and judgment was entered for the plaintiff in the sum of $250.

On April 14th the defendant, by his counsel, filed a motion for a new trial, alleging error in that the judgment had been rendered and made final by default and without writ of inquiry; that the proof offered by the plaintiff was not sufficient to warrant the court to enter a judgment for the amount stated in it; that the defendant understood and believed that an answer had been filed by his attorneys on or before the 5th day of April, 1921, and that he would be notified of the date of the setting of the case for trial, because the judgment was rendered in response to the trial amendment of plaintiff, which does not show any cause of action against the defendant entitling him to judgment for $250 or any other amount; and because a judgment could not be rendered for plaintiff against the defendant on the plaintiff's original petition for the reason that no specific amount of money was alleged therein to be due the plaintiff.

The motion was overruled, and the defendant has prosecuted this appeal.

The grounds for reversal urge that the court erred in rendering judgment for the reason that the trial amendment showed no cause of action and "because defendant had no notice of such trial amendment, and because no sufficient proof was offered by the plaintiff to entitle him to a judgment in any sum, and because the plaintiff's original petition fails to allege the year or date of the formation of the partnership," and that hence, it does not appear from the petition that the cause of action, if any the plaintiff had, was barred by the statute of limitation.

[1] We find no error in the proceedings. The judgment, which was rendered on April 5, 1921, recites that the defendant had been "duly cited," and there is nothing in the record to contradict the recital. We have before us no copies of the citation or citations that may have been issued and served upon the defendant. For aught that the record shows defendant was cited to answer not only the original petition, but also the trial amendment, if indeed it was necessary to cite defendant after the filing of that instrument. The motion for a new trial which presents this contention is not even verified, nor was any evidence offered upon the hearing of the motion for a new trial from which we can draw the conclusion that the defendant had

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not been cited to fully answer all petitions presented by the plaintiff.

[2] Nor can we say that the evidence offered in support of the judgment was insufficient to support it, there being no statement of facts, nor even a verification of the answer so alleging.

There is a contention made in the brief that the court erred in rendering judgment, in that no writ of inquiry was awarded, and the amount of damages ascertained by the verdict of the jury.

Article 1936, V. S. Tex. Civ. Statutes, provides that:

"Upon the call of the appearance docket, or at any time after appearance day, the plaintiff may take judgment by default against any defendant * * * who has not previously filed an answer."

Article 1938 provides:

"Where a judgment by default is rendered against the defendant, or all of several defendants, if the cause of action is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and judgment final shall be rendered therefor, unless the defendant shall demand and be entitled to a trial by jury."

Article 1939 provides:

"If in such case the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to the damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury."

Article 1940 provides:

"If the defendant shall demand and be entitled to a trial by jury, the judgment by default shall be noted and a writ of inquiry awarded, and the cause shall be entered on the jury docket."

The judgment in the case before us recites that it appeared to the court that the plaintiff's cause of action was unliquidated, and not proven by an instrument in writing, and that "no jury having been demanded, all matters of fact, as well as of law, were submitted to the court; and, it appearing to the court, after the hearing of the pleadings and the evidence, that the said plaintiff Louis Gasso should have and recover of the said defendant his debt and damages in the sum of $250," etc. It will be thus seen that, while, as recited by the court, it is true that the plaintiff's cause of action was unliquidated, the court, no jury having been demanded, proceed to render judgment as he was authorized and directed to do in such cases by article 1939. Had the defendant demanded a jury to assess the damages he would have been entitled thereto, but, not having demanded it, he cannot complain of the court's action in assessing the damages. Bumpass v. Morrison, 70 Tex. 756, 8 S. W. 596.

[3] It cannot be said from the record that the court's judgment was based alone upon the trial amendment, which, in substance, but stated the specific amount claimed by the plaintiff, there being no such specific allegation in the original petition. The original petition, we think, undoubtedly alleged a cause of action against the defendant unless indeed it is deficient in stating the specific amount to be due. This defect was remedied by the trial amendment, and, it not appearing that the defendant was without due notice, as we have before shown of both pleadings, and it not appearing from the recitations of the judgment that it was based alone upon the trial amendment, there can be no basis for such a contention. Nor is there any basis for the contention that the judgment is founded upon insufficient evidence, there being no statement of facts, as before mentioned, from which we can deduce the contention. As to the suggestion relating to limitation, it is sufficient to say that it does not appear on the face of appellee's petition that his cause of action was barred, and there was neither an exception to the petition nor a plea setting up the defense of limitation in the court below. The defense is not, therefore, now available in appellant's behalf. See Rev. Statutes, art. 5706; Boyd v. Ghent (Tex. Civ. App.) 61 S. W. 723.

We conclude that all assignments of error should be overruled, and the judgment affirmed.